Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5300
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

COUNSEL FOR DEBTOR

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § § | | CHAPTER 11 |
| ALL SAINTS EPISCOPAL CHURCH[1] § § | | CASE NO. 21-42461-11-ELM |
| DEBTOR § | | |

---

| | | |
|---|---|---|
| ALL SAINTS EPISCOPAL CHURCH, § a Texas Non-Profit Corporation, § § Plaintiff, § § v. § § ALL SAINTS EPISCOPAL CHURCH, § an Unincorporated Association in Union § with the Episcopal Diocese of Fort § Worth, and THE CORPORATION § OF THE EPISCOPAL DIOCESE OF § FORT WORTH, § § Defendants. § | | ADV. PRO. NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

---

[1] The last four digits of the Debtor's tax identification number are 5880.

**Plaintiff's Original Complaint**                                                                                                **Page 1**

All Saints Episcopal Church, a Texas non-profit corporation (the "<u>Debtor</u>"), as debtor and debtor-in-possession, files this complaint against All Saints Episcopal Church, an unincorporated non-profit religious association ("<u>Non-Debtor All Saints</u>"), and the Corporation of the Episcopal Diocese of Fort Worth, a Texas non-profit corporation (the "<u>EDFW</u>"), and in support states as follows:

## I. OVERVIEW OF CLAIMS

1.  The Debtor owns certain real properties and financial assets. The EDFW and Non-Debtor All Saints have no legal or equitable ownership interest in those properties and assets. Nonetheless, the EDFW and Non-Debtor All Saints have asserted an ownership interest in the Debtor's assets. Therefore, there exists an actual controversy regarding the extent and nature of the Debtor's interest in properties and assets. In addition, the EDFW and Non-Debtor All Saints have tortiously interfered with the Debtor's contractual relations by wrongfully filing lis pendens against properties owned by the Debtor, thereby interfering the sales of those properties and causing the Debtor damages. Finally, the EDFW and Non-Debtor All Saints have wrongfully used the Debtor's name, which is property of the Debtor's estate, thereby causing confusion in the public regarding the Debtor's operations and identity. By this adversary proceeding, the Debtor requests entry of a judgment (i) declaration under 28 U.S.C. § 2201 that the real properties and assets described below are property of the Debtor's estate under Section 541 of the Bankruptcy Code, (ii) awarding damages for tortious interference, and (iii) declaring that the Debtor owns the name All Saints Episcopal Church of Fort Worth, Texas and enjoining the EDFW and Non-Debtor All Saints from continuing to use the Debtor's name.

## II. PARTIES

2.  The Debtor is a Texas non-profit corporation with its principal place of business at 4936 Dexter Avenue, Fort Worth, Texas 76107. The Debtor is a debtor-in-possession in the above-captioned bankruptcy proceeding.

3. Non-Debtor All Saints is, upon information and belief, an unincorporated non-profit religious association with its principal place of business at 5001 Crestline Road, Fort Worth, Texas 76107. Pursuant to TEX. BUS. ORG. CODE § 252.013(a), Non-Debtor All Saints may be served with process via Daryl Pigeon, Rector of Non-Debtor All Saints, at 5001 Crestline Road, Fort Worth, Texas 76107, or by serving an agent authorized by appointment to receive service of process, an officer, a managing or general agent, or a person authorized to participate in the management of Non-Debtor All Saints' affairs, wherever each such person may be found.

4. The EDFW is a Texas non-profit corporation with its principal place of business at 2900 Alameda Street, Fort Worth, Texas 76108. EDFW may be served with process via its registered agent, Ryan S. Reed, at 2900 Alameda Street, Fort Worth, Texas 76108.

### III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper before this Court under 28 U.S.C. § 1409.

### IV. FACTUAL BACKGROUND

**A.    General Background**

6. All Saints Episcopal Church of Fort Worth, Texas, was founded in the late 1940s. In 1953, the members of that church incorporated the Debtor as a Texas non-profit corporation. The Debtor and its communicants are members of The Episcopal Church in the United States of America ("TEC") and, pursuant to its corporate governance documents, the Debtor's operations are conducted in conformity with the Constitutions and Canons of the General Convention of TEC.

**B.    The Debtor's Ownership of Real Property**

7. Historically, the Debtor conducted its operations and held its religious services at 5001 Crestline Road, Fort Worth, Texas 76107 (the "5001 Crestline") and 5003 Dexter Fort Worth, Texas 76107 ("5003 Dexter"). The acquisition of these properties pre-dated the Debtor's

incorporation, when Debtor was a parish in the Diocese of Dallas. Originally, legal title to these two pieces of real property was held in the name of Bishop Avery Mason, then the Bishop of the Dallas Diocese of TEC, for the use and benefit of the Debtor's congregation. In 1984, a "friendly" declaratory judgment transferred legal title from Bishop Mason to the EDFW, which had been carved out from the Dallas Diocese of TEC in 1982. In conformity with the diocesan canons of the newly-formed EDFW, "Non-Debtor All Saints" was a religious association which held equitable/beneficial title to the 5001 Crestline and 5003 Dexter properties, while the Corporation of the Episcopal Diocese of Fort Worth held legal title. Other property, both real and personal, were owned by Debtor All Saints, a Texas non-profit corporation, and the operations of the parish were conducted through that same corporation and had been as such since 1953. The Texas Supreme Court recently held that the EDFW and Non-Debtor All Saints hold, respectively, legal and equitable title to 5001 Crestline and 5003 Dexter, and the Debtor is no longer conducting any operations at these locations.

8. The Debtor holds legal and equitable title to three parcels of real property and equitable title to one parcel of real property, each of which were acquired long after the formation of the Debtor as a Texas non-profit corporation (collectively, the "Real Properties"). On July 10, 1995, the Debtor acquired title to the real property located at 5001 Dexter Avenue, Fort Worth, Texas 76107 ("5001 Dexter"). A true and correct copy of the deed for 5001 Dexter is attached hereto as **Exhibit A**. On August 20, 1997, the Debtor acquired legal and equitable title to the real property located at 4939 Dexter Avenue, Fort Worth, Texas 76107 ("4939 Dexter"). A true and correct copy of the deed for 4939 Dexter is attached hereto as **Exhibit B**. On April 29, 1999, the EDFW obtained legal title to the real property located at 5005 Dexter Avenue, Fort Worth, Texas 76107 ("5005 Dexter"), to be held in trust for the use and benefit of the Debtor. Accordingly, the Debtor has held equitable title to 5005 Dexter since April 29, 1999. A true and correct copy of the

deed for 5005 Dexter is attached hereto as **Exhibit C**. On September 12, 2003, the Debtor acquired title to the real property located as 4936 Dexter Avenue, Fort Worth, Texas 76107 ("4936 Dexter"). A true and correct copy of the deed for 4936 Dexter is attached hereto as **Exhibit D**.

9. Collectively, these Real Properties house the Debtor's headquarters and offices, housing for use by the Debtor's clergy, and a community garden.

**C.    The Debtor's Ownership of Bank Accounts and Endowment Funds**

10. In addition to the Real Properties described above, the Debtor also owns three categories of financial assets: (i) checking and money market accounts used in the Debtor's operations; (ii) certificates of deposit and brokerage accounts that hold donated funds; and (iii) beneficial interests in two trusts established for the Debtor that hold endowment funds (collectively, including the funds held in such accounts and trusts, the "Financial Assets"). The Financial Assets can be summarized as follows:

| **Financial Institution** | **Account Type** | **Account Number** |
| --- | --- | --- |
| Frost Bank | Checking | *4027 |
| Frost Bank | Checking | *1898 |
| Frost Bank | Checking | *7444 |
| Frost Bank | Checking | *1815 |
| Frost Bank | Checking | *8981 |
| Frost Bank | Checking | *6625 |
| Frost Bank | Checking | *5329 |
| Frost Bank | Checking | *7647 |
| Frost Brokerage | Money Market | *0053 |
| Frost Bank | Certificate of Deposit | *0362 |
| Pinnacle Bank | Certificate of Deposit | *0126 |
| Pinnacle Bank | Certificate of Deposit | *0127 |
| Wells Fargo Advisors | Brokerage | *0935 |
| Wells Fargo Advisors | Brokerage | *8855 |
| Frost Brokerage | Endowment Trust | n/a |
| Wells Fargo Advisors | Endowment Trust | n/a |

11. The Debtor's bank accounts are maintained at Frost Bank. Each of the Debtor's bank accounts are held in the Debtor's name, under the Debtor's federal employer identification number, and were opened pursuant to a corporate resolution authorizing the Debtor to open such

accounts. Likewise, the Debtor's certificates of deposit and brokerage accounts are held in the Debtor's name, under the Debtor's federal employer identification number, and pursuant to a corporate resolution authorizing the Debtor to open and maintain such accounts. Finally, the beneficial interests in the two endowment funds are held in the Debtor's name pursuant to corporate resolutions authorizing the creation and management of such endowment funds.

**D.  Overview of Doctrinal Split and Departure of a Faction of the Debtor's Members**

12. TEC is a three-tiered hierarchical organization. The highest tier is the General Convention of TEC, which consists of representatives of each regional diocese. The second tier consists of geographically defined regional diocese. The third tier consists of local parishes, missions, and congregations. The Debtor is, and always has been, a parish church within the hierarchy of TEC.

13. In 2008, the EDFW voted to remove itself from the hierarchy of TEC because of doctrinal differences between certain leaders of the EDFW and TEC. To facilitate this move, the EDFW voted to alter its governance documents to remove any association with TEC and to modify the trust arrangement under which the EDFW held property in trust for parishes in union with the EDFW. Similarly, a distinct majority of the parishes in union with the EDFW also elected to leave the hierarchy of TEC and, upon information and belief, made parallel modifications to their governance documents to ensure that the parishes remained in league with the EDFW.

14. The Debtor was part of a small number of parishes that elected not to leave the hierarchy of TEC. Indeed, the Debtor made no modifications to its governance documents, which have always required that the Debtor be operated "according to the doctrine, discipline and worship or the Protestant Episcopal Church in the United States of America in conformity with the Constitution and Canons of its General Convention. As a result of the Debtor's decision to remain associated with TEC, a minority of the Debtor's board of directors resigned their positions and approximately 10% of the Debtor's members elected to terminate their association with the

Debtor's church.  Following their departure, the Debtor continued its association with TEC and continued to conduct is operations within the TEC hierarchy.

15. Upon information and belief, certain of the people that left the Debtor's membership began associating and operating a church under the name "All Saints Episcopal Church of Fort Worth" (referred to herein as Non-Debtor All Saints), in association with the EDFW, which itself had departed from the hierarchy of TEC.  This factional division gave rise to a dispute over ownership of the real property that was the subject of the 1984 declaratory judgment, as well as certain financial assets and endowments that were held by the diocese (and which did not relate to Debtor All Saints in any way).

E.   **Litigation Among TEC, the EDFW, and the Parishes**

16. In April 2009, TEC sued the EDFW in the 141st District Court of Tarrant County, Texas (the "141st District Court"), Cause No. 141-252083-11 (the "141st Lawsuit"), seeking a determination regarding the control of the EDFW under its organizational documents and the ownership of certain properties held in trust by the EDFW for the benefit of its constituent parishes. Local parishes that had historically been associated with the EDFW later joined this lawsuit.

17. The EDFW's departure from TEC resulted in a dispute over which diocese was a continuation of the historical EDFW, as well as a dispute over which of the two groups operating as "All Saints Episcopal Church of Fort Worth" was entitled to beneficial title to the 5001 Crestline and 5003 Dexter properties owned by the EDFW.  5001 Crestline and 5003 Dexter were the only two properties historically used by "All Saints Episcopal Church of Fort Worth" that were in dispute in the 141st Lawsuit, as these were two properties pre-dated the formation of the Debtor corporation and were held in the name the EDFW for the use and benefit of "All Saints Episcopal Church."  As a result, there was a dispute over which group retained equitable title to these two properties after the factional division at "All Saints Episcopal Church of Fort Worth."  There was no dispute that the Debtor owned legal and/or equitable title to each of the four Real Properties.

18. The parties in the 141st Lawsuit disputed whether the issues of property ownership were to be decided by deference to TEC's ecclesiastical principles or under neutral principles of law. Because the grant of beneficial title to 5001 Crestline and 5003 Dexter to "All Saints Episcopal Church" predated the Debtor's incorporation and there was never a formal assignment of that title to the Debtor, the Debtor's congregation intervened in the 141st Lawsuit as an unincorporated association under Texas law, contending that it held equitable title to 5001 Crestline and 5003 Dexter under both Texas law and diocesan canons. Because there was no dispute as to the ownership of the Debtor's properties, the Debtor was never a party to the 141st Lawsuit.

19. The parties' disputes led to years-long litigation and two separate decisions of the Texas Supreme Court. On May 6, 2015, TEC, the EDFW, and Non-Debtor All Saints filed motions for summary judgment in the 141st Lawsuit. As pertains All Saints, each side sought a declaration that it owned the two properties without any additional relief requested. In their motion for summary judgment, Non-Debtor All Saints expressly waived any claim to the Debtor's Real Properties aside from 5001 Crestline and 5003 Dexter and consented to "summary judgment awarding legal and beneficial title to" such properties to the Debtor's congregation.

20. On July 24, 2015, the 141st District Court entered final judgment (the "<u>141st Judgment</u>") in the 141st Lawsuit declaring that the EDFW holds legal title, and Non-Debtor All Saints holds beneficial title, to the 5001 Crestline and 5003 Dexter properties. The Debtor was not a party to the 141st Judgment, and no properties or assets owned by the Debtor were addressed in that judgment. The Texas Supreme Court subsequently affirmed the 141st Judgment, awarding ownership and control of the 5001 Crestline and 5003 Dexter properties to the EDFW and Non-Debtor All Saints. Following the Texas Supreme Court's decision, the Debtor's congregation

vacated the 5001 Crestline and 5003 Dexter properties and delivered possession to the EDFW and Non-Debtor All Saints.

21. On April 20, 2021, despite the fact that the 141st Judgment only awarded the EDFW and Non-Debtor All Saints the 5001 Crestline and 5003 Dexter real properties, the 141st Court entered an order (the "Enforcement Order") ordering the Debtor's congregation (but not the Debtor, which was not a party to the 141st Lawsuit) to deliver to the EDFW and Non-Debtor All Saints "all real and personal property in existence at the time [the 141st Lawsuit] was filed on April 14, 2009." The Debtor's congregation does not own any real or personal property that is subject to delivery under this order. All assets associated with the Debtor's congregation are owned by the Debtor Texas non-profit corporation. Nonetheless, the EDFW and Non-Debtor All Saints have asserted that some or all of the Debtor's assets and properties are subject to turnover under this order.

F. **The EDFW and Non-Debtor All Saints Seek Recovery of Real Properties Owned by the Debtor**

22. On September 29, 2021, the EDFW and Non-Debtor All Saints filed a lawsuit against the Debtor in the 17th District Court of Tarrant County, Texas (the "17th District Court"), Case No 17-329379-21 (the "17th Lawsuit"), seeking, among other things, a declaration that they own all of the Debtor's Real Properties (5001 Dexter, 4939 Dexter, 5005 Dexter, and 4936 Dexter) even though the EDFW and Non-Debtor All Saints previously waived any claim to those properties and expressly consented to the entry of summary judgment awarding legal and beneficial title to those properties to the Debtor and/or its congregation. The Debtor disputes that the EDFW and Non-Debtor All Saints have any right or claim to these four Real Properties, and further contends that the EDFW and Non-Debtor All Saints have affirmatively waived any such rights or claims. As a part of this action, Non-Debtor All Saints caused Lis Pendens to be filed against each of the Debtor's Real Properties even though they had previously waived any and all

claims to such properties. A true and correct copy of the Lis Pendens is attached hereto as **Exhibit E**.

**G.    The EDFW and Non-Debtor All Saints Tortiously Interfere with Sales Contracts for Debtor's Real Properties Located at 4939 Dexter, 5001 Dexter and 5005 Dexter**

23.    On October 1, 2021, the Debtor received signed contracts to purchase the Debtor's Real Properties located at 4939 Dexter, 5001 Dexter and 5005 Dexter. True and correct copies of the contracts for the purchase of these three Real Properties are attached hereto, respectively, as **Exhibits F, G and H** (the "Sales Contracts"). By improperly filing a Lis Pendens on these Real Properties after having not only waived their claims to these Real Properties, but consenting to entry of summary judgment awarding legal and beneficial title to the congregation associated with the Debtor in their motion for summary judgment in the 141st Lawsuit, the EDFW and Non-Debtor All Saints wrongfully, and without justification, tortiously interfered in the Debtor's Sales Contracts, causing the Debtor to lose the sales, resulting in damages to the Debtor of $1,270,200.

**H.    The EDFW and Non-Debtor All Saints Assert Ownership and Control of Financial Assets Owned by the Debtor**

24.    Despite the fact the only property awarded in the 141st Judgment was the 5001 Crestline and 5003 Dexter properties, the Enforcement Order also requires the congregation associated with the Debtor to turn over "personal property, in existence at the time the [141st Lawsuit] was filed on April 14, 2009, including all personal property necessary for the operations of the properties listed in the [141st] Judgment such as chalices, vestments, bibles and the like *as well as all financial assets that supported or enabled the operations, including but not limited to bank account balances, memorial fund balances, foundation fund balances, building fund balances, savings account balances, certificates of deposit balances, and investment account balances, including all income earned by the same*" (emphasis added).

25.    Relying on this language in the Enforcement Order, the EDFW and Non-Debtor All Saints have asserted that the Debtor must turn over the amount of money that was in its

accounts as of April 14, 2009, even though the Debtor was not a party to the 141st Lawsuit, and despite the fact the EDFW and Non-Debtor All Saints have no monetary judgment for such amounts. The Enforcement Order is the equivalent of a turnover order, ordering a party other than the Debtor to turnover assets from more than 12 years ago that, for the most part, are no longer in the Debtor's possession.

26. Because the Debtor was not a party to the 141st Lawsuit, the Enforcement Order is of no force and effect as to assets owned by the Debtor. Even if the Debtor is bound by the Enforcement Order, however, the Debtor cannot turnover assets no longer in its possession. The EDFW and Non-Debtor All Saints, have no monetary judgment against the Debtor and are entitled to none of the Debtor's Financial Assets. In the alternative, at most, the Enforcement Order would only require the Debtor to turnover balances in accounts as of April 14, 2009, to the extent those balances have not been spent in the interim 12-year period. The EDFW and Non-Debtor All Saints never put the Debtor on notice that such balances were in issue in the 141st Lawsuit and never sought any form of injunctive relief to prohibit the Debtor or its congregation from continuing to use the funds in its accounts. As a result, the EDFW and Non-Debtor All Saints have no claim against, or interest in, the Debtor's current Financial Assets, except to the extent that (i) the Debtor is bound by the Enforcement Order and (ii) such funds remain in the Debtor's accounts from April 14, 2009.

**I.     The EDFW and Non-Debtor All Saints Continue to Wrongfully Use the Debtor's Name**

27. The Debtor has continuously used the name All Saints Episcopal Church since its formation in 1953. Debtor has operated the only All Saints Episcopal Church in Fort Worth, Texas from 1953 until the EDFW and Non-Debtor All Saints broke away from TEC in 2008. When EDFW and Non-Debtor All Saints broke away from TEC, they usurped the Debtor's name without authority to do so, and began operating a competing church using the same name, despite the fact

the Defendants were no longer associated with TEC, sowing confusion in the public domain as to the identity of the historical All Saints Episcopal Church in Fort Worth, Texas.

## V. CAUSES OF ACTION

**A.     Count 1: Request for a Declaration that the Debtor's Real Properties are Property of the Debtor's Estate Under Section 541(a) of the Bankruptcy Code**

28.     There exists an actual controversy over ownership of the Debtor's Real Properties. Specifically, the EDFW and Non-Debtor All Saints have alleged in the 17th Lawsuit that they are entitled to own and possess the Debtor's Real Properties. Such Real Properties are owned by the Debtor under Texas state law and are therefore property of the Debtor's estate under Section 541(a) of the Bankruptcy Code. In addition, the EDFW and Non-Debtor All Saints have expressly waived any right or claim to the Debtor's Real Properties and are therefore precluded under principles of judicial estoppel and res judicata from asserting any such claim or right against the Debtor. Accordingly, the Debtor requests entry of a judgment under 28 U.S.C. § 2201 declaring that the Debtor's Real Properties – 5001 Dexter, 4939 Dexter, 5005 Dexter, and 4936 Dexter – are property of the Debtor's estate under Section 541(a) of the Bankruptcy Code.

**B.     Count 2: Request for a Declaration that the Debtor's Financial Assets are Property of the Debtor's Estate Under Section 541(a) of the Bankruptcy Code**

29.     There exists an actual controversy over ownership of the Debtor's Financial Assets. Specifically, the EDFW and Non-Debtor All Saints have alleged that they own certain of the Debtor's Financial Assets under the judgments and orders entered in the 141st Lawsuit. The Debtor was not a party to the 141st Lawsuit, and ownership of the Debtor's Financial Assets was not at issue or adjudicated in the 141st Lawsuit. The Debtor's Financial Assets are owned by the Debtor under Texas state law and are therefore property of the Debtor's estate under Section 541(a) of the Bankruptcy Code. Accordingly, the Debtor requests entry of a judgment under 28 U.S.C. § 2201 declaring that the Debtor's Financial Assets are property of the Debtor's estate under Section 541(a) of the Bankruptcy Code.

**C.     Count 3:   Request for a Declaration that the Debtor Owns the Name All Saints Episcopal Church of Fort Worth, Texas**

30.    There exists an actual controversy over the ownership and use of the name All Saints Episcopal Church in Fort Worth, Texas. For the reasons set forth above, the Debtor requests entry of a judgment under 28 U.S.C. § 2201 declaring that the Debtor's name is property of the Debtor's estate under Section 541(a) of the Bankruptcy Code and that the Debtor has the exclusive right to use the name All Saints Episcopal Church in Fort Worth, Texas, because that is the name that the Debtor has used continuously since its formation as Texas non-profit corporation in 1953.

**D.     Count 4:   Request for Injunctive Relief**

31.    Pursuant to Section 16.103 of the Texas Business & Commerce Code, the Debtor is entitled an injunction against the EDFW and Non-Debtor All Saints, and all persons acting in concert with the EDFW and Non-Debtor All Saints, prohibiting EDFW and Non-Debtor All Saints, and those acting in concert with them, from using the Debtor's name.

## VI. CONCLUSION AND PRAYER

32.    The Debtor requests entry of judgment from the Court (i) granting the relief requested herein; (ii) declaring that the Debtor's Real Properties and Financial Assets are property of the Debtor's estate under Section 541(a) of the Bankruptcy Code; (iii) declaring that the Debtor owns and has the exclusive right to use the name All Saints Episcopal Church in Fort Worth, Texas; (iv) enjoining Defendants and all others acting in concert with Defendants from using the name All Saints Episcopal Church in Fort Worth, Texas, and (v) awarding the Debtor any further relief the Court deems appropriate.

Dated: December 16, 2021          Respectfully submitted,

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300

**COUNSEL FOR THE DEBTOR**