J. Shelby Sharpe
State Bar No. 18123000
SHARPE & RECTOR
6100 Western Place, Suite 912
Fort Worth, TX  76107
Telephone: (817) 338-4900
Facsimile: (817) 332-6818
ATTORNEY FOR ALL SAINTS'
EPISCOPAL CHURCH AND THE
CORPORATION OF THE EPISCOPAL
DIOCESE OF FORT WORTH

R. David Weaver
State Bar No. 21010875
WEAVER ROBINSON LAW FIRM, PLLC
1112 E. Copeland Rd., Suite 130
Arlington, Texas 76011
Telephone: (817) 460-5900
Fax: (817) 460-5908
ATTORNEY FOR ALL SAINTS'
EPISCOPAL CHURCH

Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
ATTORNEYS FOR ALL SAINTS' EPISCOPAL
CHURCH AND THE CORPORATION OF
THE EPISCOPAL DIOCESE OF
FORT WORTH

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| ALL SAINTS EPISCOPAL CHURCH<br>DEBTOR | § § § | CASE NO. 21-42461-11-ELM |

| | | |
|---|---|---|
| ALL SAINTS' EPISCOPAL CHURCH,<br>a Texas Non-Profit Corporation,<br>　　Plaintiff | § § § § | |
| v. | § § | ADV. PRO. NO. 21-04082-ELM |
| ALL SAINTS EPISCOPAL CHURCH,<br>an Unincorporated Association in Union<br>with the Episcopal Diocese of Fort Worth,<br>and THE CORPORATION OF THE<br>EPISCOPAL DIOCESE OF FORT<br>WORTH,<br>　　Defendants | § § § § § § § § | |

## DEFENDANTS' SECOND AMENDED ANSWER AND AMENDED COUNTERCLAIMS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Defendants, All Saints' Episcopal Church, an unincorporated association in union with the annual convention of the Episcopal Diocese of Fort Worth ("Non-Debtor All Saints"), and the Corporation of the Episcopal Diocese of Fort Worth ("Diocesan Corporation"), collectively "Defendants," assert that those who filed on behalf of Debtor All Saints do not have the capacity to bring this adversary proceeding, because the identity of the faction of All Saints' Episcopal Church has been previously determined by the 141st District Court of Tarrant County, Texas, and the Supreme Court of Texas. Specifically, the 141st District Court of Tarrant County and the Supreme Court of Texas <u>have</u> adjudged that the unincorporated congregation referred to herein as "the Jambor Faction" is not All Saints' Episcopal Church, the congregants of which claim to be the members of Debtor All Saints' Episcopal Church ("Debtor All Saints"), and which prior adjudication is binding upon this Honorable Court, Debtor All Saints is without capacity to bring this suit. Subject to the foregoing, Defendants file their Defendants' Second Amended Answer and Amended Counterclaims in response to the Plaintiff's Second Amended Complaint (the "Complaint") as follows:

### A. Jurisdiction

1. The Defendants deny this Court has jurisdiction. An attempt to relitigate issues previously decided by a <u>final</u> state court judgment is in violation of the Rooker-Feldman doctrine, which defeats jurisdiction.

### B. Admissions and Denials

2. Defendants admit the allegations in paragraph 1 of the Complaint that Debtor owns certain real properties but does not have sufficient knowledge or information to form a belief about the truth of which properties are alleged to be owned by Debtor All Saints so that Defendants

cannot admit or deny this allegation. As to the alleged financial assets, Defendants do not have sufficient information to form a belief about the truth of the allegation so Defendants cannot admit or deny the allegation. To the extent the paragraph alleges points of law, Defendants need not reply to those allegations in paragraph 1 of the Complaint. Defendants deny all other allegations in paragraph 1 of the Complaint.

3. The Defendants admit that they have filed a proof of claim. The Defendants deny the allegations in paragraph 2 of the Complaint that there is no basis for the claim or that the claim should be disallowed.

4. Defendants need not reply to the allegations of paragraph 3 of the Complaint, which are points of law but to the extent facts are alleged, they are denied.

5. Defendants admit the allegations in paragraph 4 of the Complaint that Debtor is a Texas non-profit corporation and is a debtor-in-possession but deny the principal place of business.

6. Defendants admit the allegations in paragraph 5 of the Complaint that Non-Debtor All Saints is an unincorporated non-profit religious association with its principal place of business at 5001 Crestline Road, Fort Worth, Texas 76107 but need not reply to the balance of the allegations which allege a point of law. To the extent other factual allegations are found in this paragraph 4, they are denied.

7. Defendants admit the allegations of paragraph 6 of the Complaint but need not reply to the allegations that allege a point of law.

8. Defendants need not respond to the allegations in paragraph 7 of the Complaint because they allege only points of law. As stated above, the Defendants allege that the Rooker-Feldman doctrine applies to this matter.

9. Defendants admit the allegations in paragraph 8 of the Complaint on the founding of the parish and that its members incorporated Debtor in 1953 but deny all other allegations in paragraph 8 of the Complaint.

10. Defendants admit the allegations in paragraph 9 of the Complaint concerning the history of the property described and the holding of the Supreme Court of Texas as to that property but deny the remaining allegations of paragraph 9 of the Complaint.

11. The Defendants deny the compound factual allegations and conclusions of law in paragraph 10 of the Complaint.

12. Defendants admit the allegation in paragraph 11 of the Complaint that the property described in Exhibit B to the Complaint is in the name of Debtor All Saints but deny the balance of the factual allegations in paragraph 11 of the Complaint concerning Debtor All Saints holding legal and equitable title to the other parcels of real property. Defendants need not reply to points of law alleged in paragraph11 of the Complaint.

13. Defendants deny the allegations in paragraph 12 of the Complaint.

14. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13 of the Complaint so that they can neither admit nor deny the allegations in paragraph 13 of the Complaint.

15. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14 of the Complaint so that they can neither admit nor <u>deny</u> the allegations in paragraph 14 of the Complaint.

16. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 15 of the Complaint so that they can neither admit nor deny the allegations in paragraph 15 of the Complaint.

17. Defendants deny the compound allegations in paragraph 16 of the Complaint.

18. Defendants admit the allegations in paragraph 17 of the Complaint concerning the vote of the EDFW to separate from The Episcopal Church but deny the allegation of the trust arrangements between the Diocesan Corporation and the parishes and missions was changed.

19. Defendants deny the allegations in paragraph 18 of the Complaint.

20. Defendants deny the compound factual allegations of paragraph 19 of the Complaint. Defendants need not reply to those allegations raising a point of law in that paragraph.

21. Defendants admit that TEC initiated litigation as alleged in paragraph 20 of the Complaint.

22. Defendants admit the allegations in paragraph 21 of the Complaint except for the allegation concerning Debtor All Saints and the four "Real Properties," which is denied. Defendants need not reply to any point of law alleged in paragraph 21 of the Complaint.

23. Defendants deny the allegations of paragraph 22 of the Complaint suggesting there was no dispute of the ownership of the Debtor's properties. Debtor All Saints was never a party to the 141st lawsuit. The Defendants deny the remainder of the compound legal and factual allegations in that paragraph.

24. Defendants deny the compound legal and factual issues in paragraph 23 of the Complaint.

25. Defendants admit the allegation in paragraph 24 of the Complaint on the length of the lawsuit and the motions filed but deny all other allegations in paragraph 24 of the Complaint.

26. Defendants admit the allegations in paragraph 25 of the Complaint except the allegation Debtor All Saints' congregation vacated" the properties described, which are denied.

27. Defendants deny the compound, legal and factual allegations in paragraph 26 of the Complaint. Defendants admit filing a proof of claim.

28. Defendants admit the allegation in paragraph 27 of the Complaint of filing a lawsuit in the 17th District Court of Tarrant County, Texas and the filing of Lis Pendens, but deny all other allegations in paragraph 27 of the Complaint.

29. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28 of the Complaint and to the extent the allegations raise a point of law need not reply.

30. Defendants admit the allegations in paragraph 29 of the Complaint as to the enforcement order but deny the interpretation of the 141st judgment.

31. Defendants deny the allegations in paragraph 30 of the Complaint and to the extent that paragraph alleges points of law, there is no need to reply.

32. Defendants admit the allegation in paragraph 31 of the Complaint that Debtor was not a party to the 141st lawsuit but deny all other allegations. Those allegations raise a point of law and need no response.

33. Defendants admit the allegation in paragraph 32 of the Complaint as to Debtor All Saints use of the name but deny all other allegations in paragraph 32 of the Complaint.

34. Defendants need not answer the legal arguments and allegations in paragraph 33 of the Complaint and the factual allegations are denied.

35. Defendants need not answer the legal arguments and allegations in paragraph 34 of the Complaint and the factual allegations are denied.

36. Defendants need not answer the legal arguments and allegations in paragraph 35 of the Complaint and the factual allegations are denied.

37. Defendants need not answer the legal arguments and allegations in paragraph 36 of the Complaint and the factual allegations are denied.

38. Defendants need not answer the legal arguments and allegations in paragraph 37 of the Complaint and the factual allegations are denied.

39. Defendants need not answer the legal arguments and allegations in paragraph 38 of the Complaint and the factual allegations are denied.

40. Defendants need not answer the legal arguments and allegations in paragraph 39 of the Complaint and the factual allegations are denied.

41. Defendants need not answer the legal arguments and allegations in paragraph 40 of the Complaint and the factual allegations are denied.

42. Defendants need not answer the legal arguments and allegations in paragraph 41 of the Complaint and the factual allegations are denied.

43. Defendants need not answer the legal arguments and allegations in paragraph 42 of the Complaint and the factual allegations are denied.

44. Defendants need not respond to paragraph 43 of the Complaint to the extent the allegations raise points of law otherwise the allegations are denied.

45. All of the factual allegations in the Complaint which are not expressly admitted are denied.

### C. Rooker-Feldman Doctrine

46. In April 2009, The Episcopal Church initiated litigation in the 141st District Court of Tarrant County, Texas prompted by the realignment of the Episcopal Diocese of Fort Worth with another Anglican province of equal stature to The Episcopal Church.

47. Following the filing of the suit in the 141st District Court, two factions emerged at All Saints' Episcopal Church, an unincorporated association founded in the late 1940s, one aligned with the annual convention of the Episcopal Diocese of Fort Worth, which is All Saints EDFW,

and the other faction whose Rector is Christopher Jambor, hereafter the "Jambor faction" who wanted to stay connected to The Episcopal Church, each faction claiming to be the continuing All Saints' Episcopal Church, an unincorporated association.

48. In 1953, individual leaders of the unincorporated All Saints' Episcopal Church parish brought into existence Debtor All Saints.

49. Motions for summary judgment were filed by All Saints EDFW and the Jambor faction in the 141st District Court litigation.

50. At the hearing on these motions on June 10, 2015, the following exchange occurred between the Judge of the 141st District Court and counsel representing the Jambor faction:

"MR. TOBEY: So, Your Honor, I believe, and maybe Mr. Brister will agree with me on this, if you grant our motion, that is effectively saying plaintiffs represent All Saints **[Jambor faction]**, the beneficial owner of title. If you grant their motion, you're saying defendants represent All Saints **[All Saints EDFW]** the beneficial owner of the title…"

"MR. TOBEY: So the ruling is that as a matter of law, then, the Court's ruling is that defendants are All Saint's Episcopal Church **[All Saints EDFW]** . . .

THE COURT: **Yes**."

51. The Judge of the 141st District Court signed a final judgment granting the summary judgment of All Saints EDFW, which was affirmed after an appeal to the Supreme Court of Texas.

52. The Texas Supreme Court in a unanimous opinion wrote "[T]he disagreement centers on what effect the majority's disassociation vote had on the Fort Worth diocese's identity specifically, whether **the majority faction constitutes the continuation of that entity** or whether the majority left as individuals and became something else as individuals and became something else" holding that "[T]he majority faction is the Fort Worth Diocese and parishes **[one of which is All Saints EDFW]** and missions in union with that faction[hold] equitable title to the disputed property under the Diocesan Trust." (Emphasis added.)

**DEFENDANTS' SECOND AMENDED ANSWER AND AMENDED COUNTERCLAIMS**   **Page 8 of 16**

53. Because the Jambor faction did not agree that the judgment covered personal property used for the ministry, the 141st District Court signed an order on April 20, 2021, to enforce the judgment ordering personal property used in connection with the ministry at each location where the ministry was situated to be delivered to All Saints EDFW.

54. Following the signing of the enforcement order, the Jambor faction delivered possession of the church building and one other piece of real property identified in the judgment property to All Saints EDFW.

55. The Jambor faction returned personal property that was taken. That property included altars for the sanctuary and chapel, Christis Rex for the sanctuary and chapel, vestments, icons, worship items such as chalices, a baptismal font, organ and choral music sheets, valuable collectables, furniture, refrigerators, kitchen and cooking utensils, financial records and other property. This property was returned by the Jambor faction before and during the appeal on a writ of mandamus that was ultimately denied. The vestry claiming to operate the Debtor had the opportunity to raise an issue of ownership of the personal property in the name of the Debtor before the 141st District Court but did not do so.

56. After the mandamus efforts were unsuccessful, the Jambor faction continued to return personal property and provide financial records with representations that funds would be forthcoming to comply with the final judgment and enforcement order of the 141st District Court.

## D. Affirmative Defenses

57. The individuals filing suit on behalf of Debtor All Saints have been determined by Final Judgment of the 141st District Court of Tarrant County, Texas not to be the duly authorized representatives of All Saints' Episcopal Church, the unincorporated congregation which is the only entity entitled to operate Debtor All Saints, and this determination is binding on this Court.

58. It was leaders of the 1940s All Saints' Episcopal Church who brought Debtor All Saints into existence in 1953.

59. The governing documents of Debtor All Saints give the sole power to the leadership and communicants of All Saints' Episcopal Church parish to operate Debtor All Saints.

60. These facts not only raise the Rooker-Feldman Doctrine defeating jurisdiction of these proceedings but also raise the affirmative defenses of *res judicata,* collateral estoppel, and claim preclusion barring the individuals who filed this suit against Non-Debtor All Saints and the Diocesan Corporation.

### E. Counterclaims

**i.) Name Rights Declaratory Judgment Counterclaim 1 (the "Name Rights Declaratory Judgment Counterclaim")**

61. The Court has previously ruled on portions of the pending requests for relief in its Order Granting in Part, and Denying in Part, Plaintiff's Motion for Partial Summary Judgment (the "SJ Order", Doc. 129). In the SJ Order, the Court labeled the requests for relief asserted in the pending counterclaim. This pleading adopts the labels by the Court to assist in the orderly presentation of issues at time of trial. The Jambor faction acting for the Debtor All Saints and Non-Debtor All Saints have a dispute on the name being used by Debtor All Saints.

62. The name Debtor All Saints is using or proposes to use is confusingly similar with that of the Jambor faction acting for the Non-Debtor All Saints.

63. Because there is a *bona fide* dispute of whether the names are confusingly similar, Non-Debtor All Saints is entitled to a declaratory judgment to determine that issue so that confusion in the public can be avoided as to the entity entitled to use the name All Saints' Episcopal Church.

**ii.) Injunctive Relief Counterclaim 2 (the "Injunctive Relief – Name Rights Counterclaim")**

64. The Court has previously ruled against the Defendants with respect to Counterclaim 2 in the SJ Order. The counterclaim is repeated here for completeness of the record. Non-Debtor All Saints is entitled to an injunction prohibiting <u>the Jambor faction</u> <u>controlling</u> Debtor All Saints from using the name All Saints' Episcopal Church or any confusingly similar name.

**iii.) Counterclaim 3 (the "Certain Dexter Properties Declaratory Judgment Counterclaim – Prohibition Against Sale")**

65. There is also a dispute of whether Non-Debtor All Saints and Debtor All Saints are the rightful owners of property in the name of All Saints' Episcopal Church and/or have the authority to control such property.

66. This *bona fide* dispute entitles Non-Debtor All Saints to a declaratory judgment based on the language in the deeds and the Articles of Incorporation of All Saints' Episcopal Church Corporation, declaring that Non-Debtor All Saints is the equitable owner of the properties popularly described as 4936 Dexter Avenue, Fort Worth, TX 76107, 4939 Dexter Avenue, Fort Worth, Texas 76107, and 5001 Dexter Avenue, Fort Worth, TX 76107.

**iv.) Counterclaim 4 (the "Injunctive Relief – Certain Dexter Properties Counterclaim")**

67. Non-Debtor All Saints contends that it has the right to own and/or control the foregoing properties which are the subject of contracts described in Exhibits F, G, and H attached to the Complaint, therefore, Non-Debtor All Saints is entitled to an injunction to prohibit any sale of such properties and requiring Debtor All Saints to relinquish control of them to Non-Debtor All Saints.

**v.) Counterclaim 5 (the "Financial Assets Accounts Declaratory Judgment Counterclaim")**

68. Non-Debtor All Saints claims equitable ownership in personal property in the name of the Debtor including, but not limited to the following accounts:

| Financial Institution | Account Type | Account Number |
|---|---|---|
| Frost Bank | Checking | *4027 |
| Frost Bank | Checking | *1898 |
| Frost Bank | Checking | *7444 |
| Frost Bank | Checking | *1815 |
| Frost Bank | Checking | *8981 |
| Frost Bank | Checking | *6625 |
| Frost Bank | Checking | *5329 |
| Frost Bank | Checking | *7647 |
| Frost Brokerage | Money Market | *0053 |
| Frost Bank | Certificate of Deposit | *0362 |
| Pinnacle Bank | Certificate of Deposit | *0126 |
| Pinnacle Bank | Certificate of Deposit | *0127 |
| Wells Fargo Advisors | Brokerage | *0935 |
| Wells Fargo Advisors | Brokerage | *8855 |
| Frost Brokerage | Endowment Trust | n/a |
| Wells Fargo Advisors | Endowment Trust | n/a |

(collectively the "Accounts").

68A. Prior to the bankruptcy filing, the parish controlled by the same individuals that control the Debtor treated the Accounts as property of that parish. Debtor has moved accounts numerous times in the past. The list of accounts may be a partial list of accounts. Non-Debtor All Saints claims legal and equitable interest in these accounts and any other accounts in the name of Debtor. Based upon communications between the Parties, it was clear that the parish controlled by persons affiliated with the Debtor were preparing to surrender some of the accounts to the Defendants. The parish affiliated with the Defendants should be considered the equitable owner of the Accounts and the other property of the Debtor held for the benefit of the unincorporated association and union with the annual convention of The Episcopal Diocese of Fort Worth. Non-Debtor All Saints is rightfully the equitable owner of property owned in legal title of the Debtor.

69. Because there is a *bona fide* dispute concerning the accounts described in the paragraph 68, Non-Debtor All Saints is entitled to a declaratory judgment on the legal and equitable ownership of those accounts.

70. Non-Debtor All Saints holds legal title for the benefit of All Saints' Episcopal Church. The Jambor Faction congregation using that name was a party to the 141st Lawsuit as well as Non-Debtor All Saints. Debtor All Saints was privy to the litigation of its beneficial ownership of property, if the allegations of Non-Debtor All Saints are correct. Non-Debtor All Saints contends that it has the right to own and/or control the foregoing properties which are the subject of contracts described in Exhibits F, G, and H attached to the Complaint, therefore, Non-Debtor All Saints is entitled to an injunction to prohibit any sale of such properties and requiring Debtor All Saints to relinquish control of them to Non-Debtor All Saints.

**vi.) Counterclaim 6 (the "Plaintiff Claimed 4/14/2009 Property Declaratory Judgment Counterclaim")**

71. If the allegations of Debtor All Saints are proven correct, the Jambor Faction congregation that claims to control the Debtor All Saints acts as the alter ego of the Debtor All Saints by failing to distinguish its actions or property.

72. There is a dispute on the ownership and/or control of personal property in existence on April 14, 2009, that Debtor All Saints claims to own.

73. Because there is a *bona fide* dispute on the ownership and/or control of this property and because Debtor All Saints was not a party to the judgment in the 141st District Court of Tarrant County, Texas, Non-Debtor All Saints is entitled to a declaratory judgment as to the legal and equitable ownership and/or control of this property.

**vii.) Counterclaim 7 (the "Injunctive Relief – Plaintiff Claimed 4/14//2009 Property Counterclaim")**

74. Non-Debtor All Saints is entitled to an injunction requiring Debtor All Saints to deliver the property to Non-Debtor All Saints.

**viii.) Counterclaim 8 (the "5005 Dexter Property Declaratory Judgment Counterclaim")**

75. The Diocesan Corporation alleges that the deed to the property attached to the Complaint as Exhibit C, which is attached hereto as Exhibit A, judicially admits the Grantee is Corporation of the Episcopal Diocese of Fort Worth.

76. Because there is a *bona fide* dispute on the possession of this property, the Diocesan Corporation is entitled to a declaratory judgment that the legal and equitable title and the right of possession of the property popularly described as 5005 Dexter Avenue, Fort Worth, TX 76107 is in the Diocesan Corporation.

**ix.) Counterclaim 9 (the "Injunctive Relief – 5005 Dexter Property Counterclaim")**

77. The Diocesan Corporation is entitled to an injunction ordering release of possession of the property to the Diocesan Corporation.

## F. Prayer

WHEREFORE, All Saints' Episcopal Church, an unincorporated association in union with the Episcopal Diocese of Fort Worth and the Corporation of the Episcopal Diocese of Fort Worth pray that all relief sought by Plaintiff All Saints' Episcopal Church, a Texas non-profit corporation, be denied; that the relief sought by All Saints' Episcopal Church, an unincorporated association in union with the Episcopal Diocese of Fort Worth, and the Corporation of the Episcopal Diocese of Fort Worth be granted, including declaratory judgment as to the legal and equitable ownership of property; and for such other and further relief the Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| Mark J. Petrocchi<br>State Bar No. 15851750<br>GRIFFITH, JAY & MICHEL, LLP<br>2200 Forest Park Blvd.<br>Fort Worth, TX 76110<br>Phone (817) 926-2500<br>Fax (817) 926-2505<br>ATTORNEY FOR ALL SAINTS'<br>EPISCOPAL CHURCH AND THE<br>CORPORATION OF THE EPISCOPAL<br>DIOCESE OF FORT WORTH | /s/ J. Shelby Sharpe<br>J. Shelby Sharpe<br>State Bar No. 18123000<br>SHARPE & RECTOR<br>6100 Western Place, Suite 912<br>Fort Worth, TX 76107<br>Telephone: (817) 338-4900<br>Facsimile: (817) 332-6818<br>ATTORNEY FOR ALL SAINTS'<br>EPISCOPAL CHURCH AND THE<br>CORPORATION OF THE EPISCOPAL<br>DIOCESE OF FORT WORTH |
| | R. David Weaver<br>State Bar No. 21010875<br>WEAVER ROBINSON LAW FIRM, PLLC<br>1112 E. Copeland Rd., Suite 130<br>Arlington, Texas 76011<br>Telephone: (817) 460-5900<br>Fax: (817) 460-5908<br>ATTORNEY FOR ALL SAINTS'<br>EPISCOPAL CHURCH |

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a true and correct copy of the foregoing document to be served electronically upon the following counsel for Debtor All Saints on this the 29th day of September 2023.

/s/ J. Shelby Sharpe
J. Shelby Sharpe

Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
**COUNSEL FOR THE DEBTOR**

# EXHIBIT "C"

# WARRANTY DEED
# WITH VENDOR'S LIEN

Date: April 29, 1999

Grantor: CHRISTINE E. HOLOWIAK URQUHART AND HUSBAND, THOMAS URQUHART, III

Grantor's Mailing Address (including county): 3065 BELLAIRE RANCH DR, #916, FORT WORTH, TARRANT COUNTY, TX 76109

Grantee: CORPORATION OF THE EPISCOPAL DIOCESE OF FORT WORTH, IN TRUST FOR THE USE AND BENEFIT OF ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION

Grantee's Mailing Address (including county): 5001 DEXTER AVENUE, FORT WORTH, TARRANT COUNTY, TEXAS 76107

Consideration: TEN AND NO/100-------($10.00)-------DOLLARS and a Note of even date that is in the principal amount of $160,000.00, and is executed by Grantee, payable to the order of THE FROST NATIONAL BANK. The Note is secured by a Vendor's Lien retained in favor of THE FROST NATIONAL BANK in this Deed and by a Deed of Trust of even date from Grantee to JIMMY R. LOCKE, TRUSTEE.

Property (including any improvements):

LOT 3-R, BLOCK 26, CHAMBERLIN ARLINGTON HEIGHTS, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN CABINET B, SLIDE 672, PLAT RECORDS, TARRANT COUNTY, TEXAS.

Reservations from and Exceptions to Conveyance and Warranty:

THIS CONVEYANCE IS EXECUTED, DELIVERED AND ACCEPTED SUBJECT TO AD VALOREM TAXES FOR THE CURRENT YEAR, ROLLBACK TAXES DUE TO THIS CONVEYANCE OR GRANTEE'S USE OF THE SUBJECT PROPERTY, MAINTENANCE FUND LIENS, ZONING ORDINANCES, UTILITY DISTRICT ASSESSMENTS AND STANDBY FEES, IF ANY, ANY AND ALL VALID UTILITY EASEMENTS CREATED BY THE DEDICATION DEED OR PLAT OF THE SUBDIVISION IN WHICH SAID REAL PROPERTY IS LOCATED, RECORDED EASEMENTS, RESERVATIONS, MINERAL RESERVATIONS AND LEASES, RESTRICTIONS, COVENANTS, CONDITIONS, RIGHTS OF WAY EASEMENTS, IF ANY, AFFECTING THE HEREIN DESCRIBED PROPERTY.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

The said Vendor's Lien and Superior Title herein retained are hereby transferred, assigned, sold and conveyed to THE FROST NATIONAL BANK, its successors and assigns, or heirs and assigns, as appropriate, the Payee named in said Note, without recourse on Grantor.

When the context requires, singular nouns and pronouns include the plural.

_____
CHRISTINE E. HOLOWIAK URQUHART

_____
THOMAS URQUHART, III


(Acknowledgement)

THE STATE OF TEXAS     }
COUNTY OF TARRANT

This instrument was acknowledged before me on the 29th day of April, 1999, by CHRISTINE E. HOLOWIAK URQUHART AND HUSBAND, THOMAS URQUHART, III.

_____
Notary Public, State of Texas
Notary's Name (printed):
Notary's commission expires:

[Notary Seal: L. WALKER, Notary Public, STATE OF TEXAS, My Comm. Exp. 10/07/99]


**PREPARED IN THE LAW OFFICE OF:**
BEADLES, NEWMAN & LAWLER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3500 HULEN STREET
FORT WORTH, TEXAS  76107

**AFTER-RECORDING RETURN TO:**
ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION
5001 DEXTER AVENUE
FORT WORTH, TARRANT COUNTY, TEXAS  76107

```
                    D199111412
        ALL SAINTS EPISCOPAL CHURCH
        5001 DEXTER AVE
        FT WORTH TX  76107
```

-W A R N I N G-THIS IS PART OF THE OFFICIAL RECORD--D O  N O T  D E S T R O Y

```
           I N D E X E D -- T A R R A N T   C O U N T Y   T E X A S
              S U Z A N N E   H E N D E R S O N -- COUNTY CLERK
                       O F F I C I A L   R E C E I P T

              T O:    ALAMO TITLE CO

  RECEIPT NO         REGISTER     RECD-BY     PRINTED DATE    TIME
  199241484            DR2A         SW         05/03/1999    15:19


          INSTRUMENT  FEECD                   INDEXED     TIME
     1    D199111412   WD                    19990503    15:19    CG


        T O T A L :  DOCUMENTS: 01      F E E S:       11.00
```

BY: _____

ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.