| | |
|---|---|
| J. Shelby Sharpe<br>State Bar No. 18123000<br>SHARPE & RECTOR<br>6100 Western Place, Suite 912<br>Fort Worth, TX 76107<br>Telephone: (817) 338-4900<br>Facsimile: (817) 332-6818<br>ATTORNEY FOR ALL SAINTS' EPISCOPAL CHURCH AND THE CORPORATION OF THE EPISCOPAL DIOCESE OF FORT WORTH | R. David Weaver<br>State Bar No. 21010875<br>WEAVER ROBINSON LAW FIRM, PLLC<br>1112 E. Copeland Rd., Suite 130<br>Arlington, Texas 76011<br>Telephone: (817) 460-5900<br>Fax: (817) 460-5908<br>ATTORNEY FOR ALL SAINTS' EPISCOPAL CHURCH |

Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
ATTORNEYS FOR ALL SAINTS' EPISCOPAL CHURCH AND THE CORPORATION OF THE EPISCOPAL DIOCESE OF FORT WORTH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>ALL SAINTS EPISCOPAL CHURCH<br>    DEBTOR | §<br>§<br>§<br>§ | CHAPTER 11<br><br>CASE NO. 21-42461-11-ELM |

| | | |
|---|---|---|
| ALL SAINTS' EPISCOPAL CHURCH,<br>a Texas Non-Profit Corporation,<br>    Plaintiff<br><br>v.<br><br>ALL SAINTS EPISCOPAL CHURCH,<br>an Unincorporated Association in Union with the Episcopal Diocese of Fort Worth, and THE CORPORATION OF THE EPISCOPAL DIOCESE OF FORT WORTH,<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. PRO. NO. 21-04082-ELM |

# **DEFENDANTS' REQUESTED**
# **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

Come now All Saints Episcopal Church ("ACNA All Saints") and The Corporation for the Episcopal Diocese of Fort Worth ("Diocesan Corporation" and, together with ACNA All Saints, the "Defendants") and file the following Requested Findings of Fact and Conclusions of Law:

Respectfully submitted,

| | |
|---|---|
| Mark J. Petrocchi | /s/ J. Shelby Sharpe |
| State Bar No. 15851750 | J. Shelby Sharpe |
| GRIFFITH, JAY & MICHEL, LLP | State Bar No. 18123000 |
| 2200 Forest Park Blvd. | SHARPE & RECTOR |
| Fort Worth, TX 76110 | 6100 Western Place, Suite 912 |
| Phone (817) 926-2500 | Fort Worth, TX 76107 |
| Fax (817) 926-2505 | Telephone: (817) 338-4900 |
| ATTORNEY FOR ALL SAINTS' | Facsimile: (817) 332-6818 |
| EPISCOPAL CHURCH AND THE | ATTORNEY FOR ALL SAINTS' |
| CORPORATION OF THE EPISCOPAL | EPISCOPAL CHURCH AND THE |
| DIOCESE OF FORT WORTH | CORPORATION OF THE EPISCOPAL |
| | DIOCESE OF FORT WORTH |
| | |
| | R. David Weaver |
| | State Bar No. 21010875 |
| | WEAVER ROBINSON LAW FIRM, PLLC |
| | 1112 E. Copeland Rd., Suite 130 |
| | Arlington, Texas 76011 |
| | Telephone: (817) 460-5900 |
| | Fax: (817) 460-5908 |
| | ATTORNEY FOR ALL SAINTS' |
| | EPISCOPAL CHURCH |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a true and correct copy of the foregoing document to be served electronically upon the following counsel for Debtor All Saints on this the 18th day of October, 2023.

                                            /s/ J. Shelby Sharpe
                                            J. Shelby Sharpe

Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
NELIGAN LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
COUNSEL FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| § | | |
| ALL SAINTS EPISCOPAL CHURCH § | | CASE NO. 21-42461-11-ELM |
| DEBTOR § | | |

| | | |
|---|---|---|
| ALL SAINTS' EPISCOPAL CHURCH, § | | |
| a Texas Non-Profit Corporation, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | ADV. PRO. NO. 21-04082-ELM |
| § | | |
| ALL SAINTS EPISCOPAL CHURCH, § | | |
| an Unincorporated Association in Union § | | |
| with the Episcopal Diocese of Fort Worth, § | | |
| and THE CORPORATION OF THE § | | |
| EPISCOPAL DIOCESE OF FORT § | | |
| WORTH, § | | |
| Defendants § | | |
| § | | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Came on for hearing on the 24th day of October, 2023, the above-styled case, and after considering the evidence, pleadings and arguments of counsel, the Court makes the following findings of fact and conclusions of law. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such.

## FINDINGS OF FACT

1. Debtor (sometimes referred to herein as "Plaintiff") is a Texas non-profit corporation formed in 1953 with its principal place of business at 4936 Dexter Avenue, Fort Worth, Texas 76107. Debtor brought this action against Defendants All Saints Episcopal Church ("ACNA All Saints") and The Corporation for the Episcopal Diocese of Fort Worth ("Diocesan Corporation" and, together with ACNA All Saints, the "Defendants").

2. ACNA All Saints is an unincorporated non-profit religious association founded in the 1940's with its principal place of business at 2900 Crestline Road, Fort Worth, Texas 76107.

3. Prior to January 2009, there was but one All Saints Episcopal Church in Fort Worth, Texas, which Church was in union with the Episcopal Diocese of Fort Worth, an unincorporated non-profit religious association ("the Diocese").

4. In April 2009, The Episcopal Church ("TEC") initiated litigation in the 141st District Court of Tarrant County, Texas ("the State Court Lawsuit") prompted by the realignment of the Episcopal Diocese of Fort Worth with another Anglican province of equal stature to The Episcopal Church.

5. Following the filing of the suit in the 141st District Court, two factions emerged at All Saints' Episcopal Church, with one faction being a Defendant in this action and the other being an unincorporated non-profit religious association affiliated with TEC (hereafter "TEC All Saints").

6. TEC All Saints, as an intervening Plaintiff, was a party to the State Court Lawsuit.

7. ACNA All Saints, the Episcopal Diocese of Fort Worth and the Diocesan Corporation, as Intervener and Defendants, were parties to the State Court Lawsuit.

8. Motions for summary judgment were filed by all parties in the State Court Lawsuit.

9. At the hearing on these motions on June 10, 2015, the following exchange occurred between the Judge of the 141st District Court and counsel representing TEC All Saints:

> "MR. TOBEY: So, Your Honor, I believe, and maybe Mr. Brister will agree with me on this, if you grant our motion, that is effectively saying plaintiffs represent All Saints **[TEC All Saints]**, the beneficial owner of title. If you grant their motion, you're saying defendants represent All Saints **[ACNA All Saints]** the beneficial owner of the title…"

"MR. TOBEY: So the ruling is that as a matter of law, then, the Court's ruling is that defendants **[The Diocesan Corporation and ACNA All Saints]** are All Saint's Episcopal Church. . .

THE COURT: **Yes**."

10. The Judge of the 141st District Court signed a final judgment granting the summary judgment of Defendants and denying summary judgment for Plaintiffs, which was affirmed after an appeal to the Supreme Court of Texas.

11. The Texas Supreme Court in a unanimous opinion wrote "[T]he disagreement centers on what effect the majority's disassociation vote had on the Fort Worth diocese's identity specifically, whether the majority faction constitutes the continuation of that entity or whether the majority left as individuals and became something else as individuals and became something else" holding that "[T]he majority faction is the Fort Worth Diocese and parishes [one of which is the ANCA All Saints] and missions in union with that faction [hold] equitable title to the disputed property under the Diocesan Trust."

12. As the only parish in union with the Episcopal Diocese of Fort Worth, ACNA All Saints is the original and continuing All Saints Episcopal Church founded in the late 1940s.

13. After the Judgment in the State Court Lawsuit became final, TEC All Saints delivered possession of the church building and one other piece of real property identified in the judgment to The Diocesan Corporation and ACNA All Saints.

14. The 141st District Court signed an order on April 20, 2021, to enforce the judgment ordering personal property, including "all financial assets that supported or enabled the operations, including but not limited to bank account balances, memorial fund balances, foundation fund balances, building fund balances, savings account balances, certificates of deposit balances, and investment account balances, including all income earned by the same", used in connection with the ministry at each location where the ministry was situated to be delivered to The Diocesan Corporation and ACNA All Saints.

15. Following the signing of the enforcement order, TEC All Saints returned several items of personal property in its possession. That property included altars for the sanctuary and chapel, Christis Rex for the sanctuary and chapel, vestments, icons, worship items such as chalices, a baptismal font, organ and choral music sheets, valuable collectables, furniture, refrigerators, kitchen and cooking utensils, financial records, and other property.

16. Personal property was returned by TEC All Saints before and during the appeal on a writ of mandamus that was ultimately denied.

17. Neither the TEC All Saints nor the vestry claiming to operate the Debtor during the State Court Lawsuit sought to raise an issue of Debtor's alleged ownership of the personal property, including financial assets, before the 141st District Court or any appellate Court notwithstanding ample opportunity do so.

18. All real and personal property held by the Debtor is held for the benefit of All Saints Episcopal Church, an unincorporated non-profit religious association, The Episcopal Church, an unincorporated non-religious association and/or the Diocese.

19. The individuals who appeared as personal representatives of TEC All Saints in the State Court Litigation are the same individuals who allege to have been members of the board of directors of the Debtor.

20. Within the hierarchy of the TEC, parishes and missions are members of a diocese. Dioceses joined together, comprise and are TEC. Individual parishes do not have affiliation with TEC. Parish affiliation exists exclusively with a diocesan entity that has affiliation with a national Church, such as TEC or the Anglican Church in North America.

21. Only one parish is affiliated with the Diocese. That parish – ANCA All Saints – is a beneficial owner of assets held by the Debtor in trust.

22. TEC All Saints never asserted that it was not a proper party to the State Court Lawsuit in which possession and control of property being used by TEC All Saints was being litigated.

23. Although now claiming ownership of all assets possessed and used by TEC All Saints, Debtor never sought to intervene in the State Court Litigation.

24. Litigation as to the beneficial ownership of the assets now claimed to be the property of the Debtor was vigorously pursued since 2009 by all represented parties before the courts, including the highest court in this state and in the United States.

25. After years of litigation, TEC All Saints (along with its co-plaintiffs) filed a Sixth Amended Original Petition in which the TEC All Saints alleged:

> "The Court should grant summary judgment (1) declaring that it defers to Plaintiff The Episcopal Church's determination that Plaintiffs and their successors represent the Diocese and Congregations, (2) enjoining Defendants to surrender control of the property and return the property to the Diocese and the Congregations, as those entities are defined by Plaintiff The Episcopal Church, and (3) enjoining Defendants from holding themselves out as the Diocese or Congregations for civil law purposes, including as beneficiaries of their trust interests or owners of tangible personal property and bank accounts held by or for those entities."

26. Similarly, TEC All Saints joined in the Plaintiffs' Motion for Summary Judgment in the state court litigation in which the relief sought was, among other things, the following judicial declaration:

> "**[t]here is only one of each of the Episcopal Missions** constituting congregations of the Episcopal Diocese of Fort Worth"; "that the vestry members and vicars of the Episcopal Missions and their duly elected or appointed successors are the rightful leaders of the Episcopal Missions, respectively, as recognized by The Episcopal Church, and are entitled to the use and control of the real, personal, and intellectual property of the Episcopal Missions"; and "that the Plaintiffs, along with Third-Party Defendants and Counterclaimants, and their successors are entitled to the exclusive use of the name, seal, and other intellectual property of the Diocese and its parishes and missions and/or the Diocesan Corporation" [emphasis added].

27. The Honorable John Chupp, presiding Judge in the 141st District Court of Tarrant County, Texas, denied all the relief sought by TEC All Saints and its co-Plaintiffs and, instead, granted all the relief sought by the Defendants and those affiliated with Defendants, including the Diocese and ACNA All Saints.

28. At least outwardly to the public, and apparently within the parish congregation, the parish historically known as All Saints Episcopal Church never was operated as a corporation.

29. Historically, Debtor is an adjunct or instrumentality of the original and continuing All Saints Episcopal Church.

30. In representations to the Diocesan Corporation and to TEC, as well as the formal audits conducted by Weaver and Tidwell, there is no clear reference that both an association and a corporation existed or that there was a corporation that held or controlled the assets or operations of the parish association.

31. The independent audits provided by the Debtor do not include balance sheets or explain any financial interactions between the parish and the corporation.

32. All Saints Episcopal Church, an unincorporated non-profit religious association, historically used for its own benefit the real Properties situated at 501 Crestline Road, Fort Worth, Texas 76107 ("501 Crestline") and 5003 Dexter Ave., Fort Worth, Texas 76107 ("5003 Dexter"), and ANCA All Saints also historically had access to and use of 4939 Dexter Ave., Fort Worth, Texas 76107 ("4939 Dexter"), 5001 Dexter Ave., Fort Worth, Texas 76107 ("5001 Dexter"), 5005 Dexter Ave., Fort Worth, Texas 76107 ("5005 Dexter"), and 4936 Dexter Ave., Fort Worth, Texas 76107 ("4936 Dexter Ave").

33. Debtor and/or TEC All Saints subjected at least one of the properties to a lien for the purpose of paying its attorney's fees in these proceedings, but for this litigation, that unpaid debt would not exist.

34. Many of the financial accounts in dispute were opened by an unincorporated association.

35. Almost immediately after the Judgment in the State Court Litigation was final and certiorari was denied by the United States Supreme Court, TEC All Saints and/or Debtor sought to change the designation of ownership of several financial accounts from the unincorporated association to Debtor corporation. Despite changing signature cards, there was no transfer of funds from the unincorporated association to the corporation.

36. Federal Tax Identification Number 75-0945880 was issued by the Internal Revenue Service in the 1960's to All Saints Episcopal Church, an unincorporated non-profit religious association.

37. The majority of the accounts where the funds are held were created after Plaintiff abandoned the Diocesan Corporation in 2009.

38. At the time the State Court Lawsuit was filed, the congregation known as All Saints Episcopal Church and the Diocesan Corporation, by virtue of the diocesan constitution and canons, owned an interest in whatever property that was being held by the Debtor for the congregation.

39. The only "All Saints' Episcopal Church" that the Debtor corporation's governing documents refer to is ANCA All Saints and not to TEC All Saints.

40. While the state court litigation was pending, both TEC All Saints and ACNA All Saints used the name "All Saints Episcopal Church".

41. The 141st District Court did not incorporate in the Judgment of the Court in the State Court Lawsuit any waiver of any right by the Defendants and Intervening Congregations to any equitable or legal title to any real property held by Debtor and/or in the possession of TEC All Saints.

42. To the extent that it acted or performed any functions, Debtor at all times acted and performed as an "adjunct" or instrumentality" of All Saints Episcopal Church.

43. The 141st District Court in the State Court Lawsuit held that all real property, all personal property and all financial assets (including any earnings thereon) alleged to be held by or for TEC All Saints as of April 14, 2009, was the property of the Diocesan Corporation in trust for the use and benefit of ACNA All Saints.

44. Legal and equitable ownership of the real property located at 5001 Dexter Avenue, 4939 Dexter Avenue, 5005 Dexter Avenue, and 4936 Dexter Avenue were not litigated or determined by the 141st District Court of Tarrant County in the State Court Lawsuit.

45. The owner of the Frost Account ending in 1708 was All Saints Episcopal Church, an unincorporated non-profit religious association. On January 16, 2009, March 25, 2009, February 23, 2010, May 18, 2011, and March 7, 2014, Christopher Jambor and others signed signature cards agreeing that the ownership type was an association/club using EIN 75-0945880. On March 1, 2008, Christopher Jambor signed a document agreeing the account type was an unincorporated association.

46. The owner of the Frost Account ending in number 1815 opened on February 28, 2004, was confirmed by Christopher Jambor and Richard Varnell to be an unincorporated association (not for profit).

47. On March 9, 2004, Christopher Jambor signed a W-9 Request for Taxpayer Identification Number and Certification Internal Revenue Service form confirming that All Saints Episcopal Church used the employer identification number 75-0945880 and claimed the church to be: other – an unincorporated association.

48. Signature cards were signed on May 18, 2011, March 7, 2014, and on March 29, 2017, by Christopher Jambor and others agreeing that account ending in number 7444 was an association/club using EIN 75-0945880. At least one of those documents referred Frost Bank to the form W-9 that is available at the financial institution.

49. As of September 10, 2009, the owner of the Frost Account ending in number 9240 was All Saints Episcopal Church, an unincorporated non-profit religious association. In 2014, Christopher Jambor and Mr. Bardarito signed a signature card agreeing that the ownership type was an association/club using EIN 75-0945880.

50. As of July 1, 2016, the owner of the Frost Account ending in number 6625 was All Saints Episcopal Church, an unincorporated non-profit religious association. On July 1, 2016, Christopher Jambor and Lynne Waltman signed a signature card agreeing that the ownership type was an association/club using EIN 75-0945880.

51. The owner of the Frost Account ending in number 4027 was All Saints Episcopal Church, an unincorporated non-profit religious association. On March 8, 2017, Christopher Jambor and others signed a signature card agreeing that the ownership type was an association/club using EIN 75-0945880.

52. The owner of the Frost Account ending in number 7647 was All Saints Episcopal Church, an unincorporated non-profit religious association. On August 30, 2007, June 30, 2009, August 31, 2012, and April 11, 2017, signature cards were signed agreeing that the ownership

type was an unincorporated association and then an association/club using EIN 75-0945880. At least one of the signature cards dated August 31, 2012, showed the account to be of the ownership type: association/club.

53. The owner of the Frost Account ending in number 8981 was All Saints Episcopal Church. On March 29, 2017, Christopher Jambor and Richard Varnell signed a signature card agreeing that the ownership type was an association/club using EIN 75-0945880. Documents in the Frost Bank records for this account also show Christopher Jambor and Constance Lefler recognized the business type for the account to be an unincorporated association (not for profit).

54. As of June 23, 2014, March 05, 2009, and December 26, 2009, the owner of the Frost Account ending in number 0049 was represented as All Saints Episcopal Church, an association/club.

55. During the pendency of the appeal of the Judgment rendered by the 141st District Court in the State Court Lawsuit, Debtor All Saints and/or Debtor provided monthly budget summaries to verify the expenditure of funds only within the ordinary course of business of TEC All Saints pursuant to the Supersedeas Order signed by the Court.

## **CONCLUSIONS OF LAW**

1. The persons who authorized the filing of this Chapter 11 case were not the directors or officers of the Debtor and, therefore, had no authority to act on behalf of the Debtor in authorizing the filing hereof.

2. The 141st District Court of Tarrant County, Texas, had jurisdiction with respect to all issues presented to it in the State Court Lawsuit, and the Judgment and Orders of the 141st District Court of Tarrant County, Texas, are valid and binding upon the parties to the State Court Lawsuit.

3. Pursuant to Rule 308, Texas Rules of Civil Procedure, the 141st District Court of Tarrant County had jurisdiction to construe and enforce all of its decrees, orders and judgments rendered in the State Court Lawsuit.

4. Real property, personal property and financial assets held by the Debtor at the time of filing of this Chapter 11 case is property held in trust for the use and benefit of an entity other than Debtor.

5. Real property, personal property and financial assets disclosed on Debtor's Schedules (and any amendments thereto) in this Chapter 11 case are not property of the Bankruptcy Estate.

6. Identification of the beneficial owner of property held in Trust by Debtor is a question of state law and must be determined by a state court of competent jurisdiction.

7. Legal and equitable ownership of real property (except 5001 Dexter Avenue, 4939 Dexter Avenue, 5005 Dexter Avenue, and 4936 Dexter Avenue), all personal property and all financial assets held by or for TEC All Saints was fully litigated and determined in the State Court Litigation.

8. Debtor is bound by and subject to the Judgment and Orders of the 141st District Court in the State Court Litigation.

9. ACNA All Saints was adjudicated as the original and continuing All Saints Episcopal Church founded in the late 1940's in the State Court Lawsuit.

10. In the State Court Lawsuit, TEC All Saints claimed that it was the beneficial owner of all property disclosed on Debtor's Schedules in this Chapter 11 case.

11. The 141st District Court of Tarrant County in the State Court Lawsuit denied the beneficial ownership claims of TEC All Saints and held that ACNA All Saints is the beneficial owner of all property disclosed on Debtor's Schedules in this Chapter 11 case.

12. In the State Court Lawsuit, TEC All Saints claimed ownership of and the exclusive right to use the name "All Saints Episcopal Church".

13. The 141st District Court of Tarrant County in the State Court Lawsuit ruled that TEC All Saints was not entitled to the ownership or exclusive right to use the name "All Saints Episcopal Church".

14. As an adjunct or instrumentality of All Saints Episcopal Church, Debtor is an entity affiliated with the Diocese.

15. All financial accounts identified by Federal EIN 75-0945880 are owned by All Saints Episcopal Church, an unincorporated non-profit religious association.

16. Vestry members are elected by members of Debtor, who are described in Debtor's governing documents as communicants of All Saints Episcopal Church.

17. Members of ACNA All Saints are communicants of All Saints Episcopal Church entitled to elect members of the directors of Debtor.

18. Communicants of All Saints Episcopal Church did not elect the individuals as vestry members and who authorized the filing of this Chapter 11 case.

19. Neither before, during nor after the commencement of the State Court Lawsuit did ACNA All Saints waive any claims to any legal or equitable rights owned by it.

20. The 141st District Court of Tarrant County is a court of competent jurisdiction.

21. The 141st District Court of Tarrant County rendered a final judgment on the merits of the claims asserted in this Adversary Proceeding.

22. The same parties in this Adversary Proceeding were the same parties or parties in privity with them before the 141st District Court in the State Court Lawsuit.

23. The facts sought to be litigated in this Adversary Proceeding were fully and fairly litigated in the State Court Lawsuit.

24. The facts sought to be litigated in this Adversary Proceeding were essential to the judgment rendered in the State Court Lawsuit.

25. The parties and those in privity thereto in this Adversary Proceeding were adversaries in the State Court Lawsuit.

26. Debtor and TEC All Saints share an identity of interests in the basic legal rights made the subject of this Adversary Proceeding and the State Court Lawsuit.

27. Debtor does not have a property interest in the trade name "All Saints Episcopal Church".

28. Since it has been adjudicated that ACNA All Saints is the continuing and ongoing All Saints Episcopal Church that was founded in the late 1940's, ACNA All Saints used the trade name "All Saints Episcopal Church" prior to the use of the trade name by Debtor, which was formed in 1953.

29. The Supersedeas Order of the 141st District Court in the State Court Lawsuit prohibited TEC All Saints from disposing of any real property, personal property or financial assets during the pendency of appeals, except for the expenditure of funds made in the ordinary course of business of TEC All Saints.

30. Defendants' Proof of Claim in this Chapter 11 proceeding includes both ownership of assets and a certain sum of money representing disposition of assets by Debtor

and/or TEC All Saints since August 18, 2015, in violation of the Supersedeas Order of the 141st District Court in the State Court lawsuit.

31. The method calculating the amount in the Defendants' Proof of Claim is sound and fairly represents the amount of that claim. However, the finding that the assets claimed to be owned by the Debtor are not property of the estate eliminates the need to allow a claim for a monetary amount in connection with property that is not property of the estate.

32. This Court lacks jurisdiction to administer or to oversee the administration of the property disclosed on Debtor's Schedules in this Chapter 11 case, because such property is not property of the Bankruptcy Estate but instead is held in trust for an entity other than Debtor.

33. This Court lacks jurisdiction to hear this Adversary Proceeding, because the issues are precluded from being re-litigated under the doctrine of res judicata.

34. This Court lacks jurisdiction to hear this Adversary Proceeding, because Plaintiff's claims are barred by collateral estoppel.

35. Debtor is not entitled to injunctive relief prohibiting the use by ACNA All Saints of the name "All Saints Episcopal Church".

36. To the extent applicable, Defendants' Proof of Claim is allowed.

37. This Court lacks jurisdiction to determine the jurisdiction of the 141st District Court, the Texas Court of Appeals, and the Texas Supreme Court with respect to the state court issues that were presented before those Courts.

38. This Court lacks jurisdiction to construe or enforce any Judgments or Orders rendered by the 141st District Court in the State Court Lawsuit.

# # # END OF ORDER # # #