

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 15, 2023**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| ALL SAINTS EPISCOPAL CHURCH | § | CASE NO. 21-42461-elm11 |
| | § | |
| DEBTOR | § | |

_____

| | | |
|---|---|---|
| ALL SAINTS EPISCOPAL CHURCH, | § | |
| a Texas Non-Profit Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. PRO. NO. 21-04082-ELM |
| | § | |
| ALL SAINTS EPISCOPAL CHURCH, | § | |
| an Unincorporated Association in Union | § | |
| with the Episcopal Diocese of Fort | § | |
| Worth, and THE CORPORATION | § | |
| OF THE EPISCOPAL DIOCESE OF | § | |
| FORT WORTH, | § | |
| | § | |
| Defendants. | § | |

## AGREED FINAL JUDGMENT DISMISSING
## <u>ADVERSARY PROCEEDING WITH PREJUDICE</u>

Pursuant to the settlement of the above-captioned Adversary Proceeding approved by the Court, and in accordance with the Settlement Agreement by and among the parties approved by the Court (the "Settlement Agreement"),[1] the Court, finding that it has personal and subject matter jurisdiction over the parties and claims in this Adversary Proceeding, enters the following Agreed Final Judgment Dismissing the Adversary Proceeding with Prejudice and awarding other relief agreed to by the parties.  It is, therefore,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the real property located at 5001 Dexter Avenue, Fort Worth, Texas 76107, as described in the Deed attached hereto as Exhibit 1, which is currently titled in the name of All Saints Episcopal Church, shall be conveyed by the Debtor to the Corporation of the Episcopal Diocese of Forth Worth (the "Diocesan Corporation") via a quitclaim deed.  Upon such conveyance by the Debtor, the Debtor and the unincorporated parish affiliated with the Debtor shall be divested of any further legal or equitable interests in such property, and legal and equitable title to such property shall be vested in the Diocesan Corporation pursuant to Bankruptcy Rule 7070.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that legal title to the property located at 5005 Dexter Avenue, Fort Worth, Texas 76107, as described in the Deed attached hereto as Exhibit 2, shall be solely vested in the Diocesan Corporation. The Debtor and the unincorporated parish affiliated with the Debtor are hereby divested of all legal and equitable interests in such property, and legal and equitable title to such property

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

is hereby vested in the Diocesan Corporation pursuant to Bankruptcy Rule 7070.    The

Deed to 5005 Dexter Avenue is hereby reformed to remove the words "in trust for the

benefit of All Saints Episcopal Church, a Texas non-profit corporation."  The Deed from

this day forward shall be considered solely in the name of the Diocesan Corporation as

Grantee.

      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor

holds legal title to the property located at 4936 Dexter Avenue, Fort Worth, Texas 76107,

as described in the Deed attached hereto as Exhibit 3, and such title shall remain solely in

the name of the Debtor.  Defendants are hereby divested of all legal and equitable interests

in such property, and legal and equitable title to such property is hereby vested in the

Debtor pursuant to Bankruptcy Rule 7070.    The Deed to 4936 Dexter Avenue is hereby

reformed so that the Grantee in such Deed shall be the Debtor "All Saints Episcopal

Church, a Texas non-profit corporation."    The Deed from this day forward shall be

considered solely in the name of the Debtor All Saints Episcopal Church, a Texas non-

profit corporation as Grantee.

      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that legal title to the

property located at 4939 Dexter Avenue, Fort Worth, Texas 76107, as described in the

Deed attached hereto as Exhibit 4, shall remain solely in the name of the Debtor All Saints

Episcopal Church, a Texas non-profit corporation, as currently reflected in the Deed.

Defendants are hereby divested of all legal and equitable interests in such property, and

legal and equitable title to such property is hereby vested in the Debtor pursuant to

Bankruptcy Rule 7070.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Proof of Claim No. 7, as amended, filed in the above-captioned bankruptcy proceeding is hereby disallowed in its entirety and expunged from the claims register.  Defendants have no allowable claim against the Debtor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall be recognized as having all right, title, and interest in the Permanent Fund of All Saints Episcopal Church of Fort Worth, Texas, established pursuant to the Trust Agreement dated November 30, 1993, for the benefit of All Saints Episcopal Church (the "Permanent Endowment").  The parties shall work together with the Trustee Frost Bank to replace the Debtor's Advisory Committee currently asserting authority over the Permanent Fund with the Board of Trustees of the Diocesan Corporation.  The Parties shall work together with the Trustee Frost Bank to execute such documents and take all such actions necessary to effectuate the transfer of the Permanent Fund as set forth herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED the cash deposit of $100,000 in lieu of a supersedeas bond currently being held in the registry of the 141st Judicial District Court of Tarrant, County, Texas shall be released to Defendants.  The unincorporated parish affiliated with the Debtor shall execute such documents as are necessary to effectuate the release of the cash deposit in accordance with this paragraph.  To the extent necessary, the automatic stay imposed by 11 U.S.C. § 362 is modified to permit such actions as are necessary to effectuate the relief granted in this paragraph.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as expressly set forth herein and in the Settlement Agreement, the Debtor shall retain right, title, and interest in all other financial assets, real property, and personal property that it

currently owns and controls, whether existing in the past, present or future, and all such property shall constitute property of the Debtor's bankruptcy estate, and Defendants shall retain right, title, and interest in all other financial assets, real property, and personal property that Defendants currently own and control, whether existing in the past, present or future, and all such property shall constitute property of the Defendants.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in accordance with the Settlement Agreement, the Parties shall file Joint Motions and Agreed Orders dismissing any and all claims in any state and federal lawsuits pending between the Parties with prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Defendants shall no longer use the name "All Saints Episcopal Church," "All Saints' Episcopal Church," or any variation thereof, except for use in a historical context. Defendant ACNA All Saints shall change its name to "All Saints Anglican Church," "All Saints' Anglican Church," or a variation thereof. ACNA All Saints shall have an exclusive right to the use of those names. The Debtor shall retain all rights, title, and, and interest to the name "All Saints Episcopal Church," "All Saints' Episcopal Church," and variations thereof, and the Parties expressly agree that the Debtor and its affiliated parish may continue to use such name consistent with their existing conduct. Defendants release any and all claims to the use of the names "All Saints Episcopal Church," "All Saints' Episcopal Church," and variations thereof. Any signage on Defendants' properties, websites and other advertisements, announcements, bulletins, literature, or other written material that have the name "All Saints Episcopal Church" or "All Saints' Episcopal Church" shall be changed, except that any permanently marked worship items within the church do not need to be renamed, but

worship items acquired after the date of the settlement agreement shall not use the name "All Saints Episcopal Church" or "All Saints' Episcopal Church". Defendants shall complete the changes required by this paragraph within ninety (90) days of the date of entry of the Agreed Judgment. The Debtor and the Defendants shall be allowed to continue to use the seals and logos that were in use as of the Effective Date of the Settlement Agreement provided that such seals and logos otherwise comply with this provision.  The name in the window of the church owned by ACNA All Saints does not need to be changed. ACNA All Saints and the Diocesan Corporation shall have exclusive use of the Diocesan Corporation logo. All Parties may continue to claim the history of All Saints Episcopal Church going back to the 1940s.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon consummation of the Settlement Agreement, Defendants will not be parties in interest with standing in the Bankruptcy Case.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that All Saints Episcopal School ("ASES") shall continue to be governed and controlled solely by the Debtor and its vestry in accordance with the Debtor's and ASES's applicable governance documents.  Defendants release any and all claims related to ASES and shall have no right to participate in the control or governance of ASES now or in the future.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as set forth herein, all claims and counterclaims asserted or which could have been asserted by any of the parties against each other in the above-captioned Adversary Proceeding are hereby dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall file releases of any Lis Pendens covering any property conveyed in this Agreed Judgment within fourteen (14) days of the date of entry of this Agreed Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the parties are authorized to deliver this judgment and the deeds attached hereto to any state or local recording officer, and such officer must accept for filing such documents or instrument, which: (a) shall have the effect of a final judgment of this Court, and (b) shall constitute sufficient notice of the entry of this judgment to such filing and recording officers.

IT IS FURTHER ORDERED THAT THE DEBTOR is authorized to and shall enter the Settlement Agreement, and that Settlement Agreement shall be immediately effective upon the entry of this Agreed Judgment.  The parties have agreed that this Agreed Judgment shall be immediately final and non-appealable.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is denied.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED this is a final, appealable judgment that disposes of all claims and parties in the above-captioned adversary proceeding.

**AGREED TO:**

*/s/ Douglas J. Buncher*
Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
**COUNSEL FOR THE DEBTOR**

Mark J. Petrocchi
State Bar No. 15851750
**GRIFFITH, JAY & MICHEL, LLP**
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505

**COUNSEL FOR THE ACNA PARTIES**

*/s/ J. Shelby Sharpe*
J. Shelby Sharpe
State Bar No. 18123000
**SHARPE & RECTOR**
6100 Western Place, Suite 912
Fort Worth, TX  76107
Telephone: (817) 338-4900
Facsimile: (817) 332-6818

**COUNSEL FOR THE DIOCESAN
CORPORATION**

*/s/ R. David Weaver*
R. David Weaver
State Bar No. 21010875
**WEAVER ROBINSON LAW FIRM, PLLC**
1112 E. Copeland Rd., Suite 130
Arlington, Texas 76011
Telephone: (817) 460-5900
Fax: (817) 460-5908

**COUNSEL  FOR ACNA ALL SAINTS**

# EXHIBIT "1"

BRETT RITTER                    9042673769            P.02
7-12-1995 11:38AM    FROM                                      P. 2

Ramkin Title GF# AH-95C12382-JHS/mm
AFTER RECORDING RETURN TO:
ALL SAINTS EPISCOPAL CHURCH
5001 Crestline Rd.
Fort Worth, Texas 76107

## WARRANTY DEED WITH VENDOR'S LIEN

**Date:**    JULY 10, 1995

**Grantor:** J. R. "TREY" LAIRD, III and KIM LAIRD
**Grantor's Mailing Address** (including county):  2606 Cockrell, Fort Worth, Tarrant
County, Texas  76109

**Grantee:** ALL SAINTS EPISCOPAL CHURCH
**Grantee's Mailing Address** (including county):  5001 Crestline Road, Fort Worth, Texas
76107

**Consideration:**
TEN AND NO/100 DOLLARS ($10.00) cash and MARVIN M. McKEE, at Grantee's
request, has paid in cash to Grantor that portion of the purchase price of the property that is
evidenced by note dated JULY 10, 1995, that is in the principal amount of SIXTY
THOUSAND AND NO/100 DOLLARS ($60,000.00) and is executed by Grantee, payable to
the order of MARVIN M. McKEE.  The note is secured by a vendor's lien retained in favor
of MARVIN M. McKEE in this deed and by deed of trust dated JULY 10, 1995,  from
Grantee to JAMES M. McKEE, Trustee.

**Property** (including any improvements):

Lots 1 and 2, Block 26, CHAMBERLIN ARLINGTON HEIGHTS FIRST FILING
ADDITION to the City of Fort Worth, Tarrant County, Texas, according to plat recorded in
Volume 63, Page 21, Deed Records, Tarrant County, Texas.

**Reservations from and Exceptions to Conveyance and Warranty:**
This Deed is executed by Grantor and accepted by Grantee subject to all validly existing and
enforceable rights, interests, estates, restrictions, easements and liability for standby fees and
taxes in connection with those matters described on Exhibit "A" attached to this Deed and
incorporated by reference (the "Encumbrances").

Grantor, for the consideration and subject to the reservations from and exceptions to
conveyance and warranty, grants, sells, and conveys to Grantee the property, together with
all and singular the rights and appurtenances thereto in any wise belonging, to have and hold
it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever.
Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to
warrant and forever defend all and singular the property to Grantee and Grantee's heirs,
executors, administrators, successors, and assigns against every person whomsoever lawfully
claiming or to claim the same or any part thereof, except as to the reservations from and
exceptions to conveyance and warranty.

The vendor's lien and superior title to the property are retained for the benefit of
MARVIN M. McKEE and are transferred to that party without recourse on Grantor.

acralnoolt.wav/od1

12026  2096

BRETT RITTER                    9042673769              P. 03

7-12-1995 11:39AM    FROM                                        P. 3

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

J. R. "TREY" LAIRD, III

KIM LAIRD

The State of Florida
County of WALTON

This instrument was acknowledged before me on the 13th day of JULY, 1995 by J. R. "TREY" LAIRD, III.

Notary Public, State of Florida

Notary's name, printed:
LAURIE P GWYNN
My commission expires: NOV 18, 1995

The State of Florida
County of WALTON

This instrument was acknowledged before me on the 13th day of JULY, 1995, by KIM LAIRD.

Notary Public, State of Florida
Notary's name, printed:
LAURIE P GWYNN
My commission expires: NOV 18, 1995

NOTARY/SIGNATURE IN BLUE
INK MAY NOT BE LEGIBLE

scrainbolt.wdv/m21

12026   2097

BRETT RITTER                9842673769          P.04
7-12-1995 11:48AM    FROM                                              P.4

Exhibit "A"

Encumbrances

1.  Any law or government regulation, including existing building and zoning ordinances.

2.  The restrictive covenants recorded in Volume 1959, Page 239, Deed Records of Tarrant County, Texas.

3.  Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments, protrusions, or any overlapping of improvements.

4.  Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities;

   a.  to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs, or oceans; or

   b.  to lands beyond the line of the harbor or bulkhead lines as established or changed by any government; or

   c.  to filled-in lands, or artificial islands; or

   d.  to statutory water rights, including riparian rights; or

   e.  to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

5.  Standby fees, taxes, and assessments by any taxing authority for the year 1995 and subsequent years, and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership.

6.  The following matters as shown on the survey dated 4/13/95, by CONNER STEVENS Registered Professional Land Surveyor, No. 1983.

   1.      Discrepancy between location of fence and East and South property line.

12026  2098

Record and return to:

XXXXXXXXXXXXXX Becky Revels
All Saints Episcopal Church
5001 Crestline Road
Fort Worth, Texas  76107

12026  2099

D195118822
ALL SAINTS EPISCOPAL CHURCH
5001 CRESTLINE RD
FT WORTH, TX             76107


-W A R N I N G-THIS IS PART OF THE OFFICIAL RECORD--D O  N O T  D E S T R O Y


I N D E X E D -- T A R R A N T   C O U N T Y   T E X A S
S U Z A N N E   H E N D E R S O N -- COUNTY CLERK
O F F I C I A L   R E C E I P T

T O:    RATTIKIN TITLE CO

| RECEIPT NO | REGISTER | RECD-BY | PRINTED DATE | TIME |
|---|---|---|---|---|
| 195233539 | DR93 | T003957 | 07/13/95 | 14:58 |

|   | INSTRUMENT | FEECD |   | INDEXED | TIME |   |
|---|---|---|---|---|---|---|
| 1 | D195118822 | WD |   | 950713 | 14:58 | CK 18901 |


T O T A L :  DOCUMENTS: 01      F E E S:      13.00


B Y: _____


ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

# EXHIBIT "2"

# WARRANTY DEED
# WITH VENDOR'S LIEN

**Date:** April 29, 1999

**Grantor:** CHRISTINE E. HOLOWIAK URQUHART AND HUSBAND, THOMAS URQUHART, III

**Grantor's Mailing Address (including county):** 3065 BELLAIRE RANCH DR, #916, FORT WORTH, TARRANT COUNTY, TX 76109

**Grantee:** CORPORATION OF THE EPISCOPAL DIOCESE OF FORT WORTH, IN TRUST FOR THE USE AND BENEFIT OF ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION

**Grantee's Mailing Address (including county):** 5001 DEXTER AVENUE, FORT WORTH, TARRANT COUNTY, TEXAS  76107

**Consideration:** TEN AND NO/100-------($10.00)-------DOLLARS and a Note of even date that is in the principal amount of $160,000.00, and is executed by Grantee, payable to the order of THE FROST NATIONAL BANK.  The Note is secured by a Vendor's Lien retained in favor of THE FROST NATIONAL BANK in this Deed and by a Deed of Trust of even date from Grantee to JIMMY R. LOCKE, TRUSTEE.

**Property (including any improvements):**

LOT 3-R, BLOCK 26, CHAMBERLIN ARLINGTON HEIGHTS, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN CABINET B, SLIDE 672, PLAT RECORDS, TARRANT COUNTY, TEXAS.

**Reservations from and Exceptions to Conveyance and Warranty:**

THIS CONVEYANCE IS EXECUTED, DELIVERED AND ACCEPTED SUBJECT TO AD VALOREM TAXES FOR THE CURRENT YEAR, ROLLBACK TAXES DUE TO THIS CONVEYANCE OR GRANTEE'S USE OF THE SUBJECT PROPERTY, MAINTENANCE FUND LIENS, ZONING ORDINANCES, UTILITY DISTRICT ASSESSMENTS AND STANDBY FEES, IF ANY, ANY AND ALL VALID UTILITY EASEMENTS CREATED BY THE DEDICATION DEED OR PLAT OF THE SUBDIVISION IN WHICH SAID REAL PROPERTY IS LOCATED, RECORDED EASEMENTS, RESERVATIONS, MINERAL RESERVATIONS AND LEASES, RESTRICTIONS, COVENANTS, CONDITIONS, RIGHTS OF WAY EASEMENTS, IF ANY, AFFECTING THE HEREIN DESCRIBED PROPERTY.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever.  Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

The said Vendor's Lien and Superior Title herein retained are hereby transferred, assigned, sold and conveyed to THE FROST NATIONAL BANK, its successors and assigns, or heirs and assigns, as appropriate, the Payee named in said Note, without recourse on Grantor.

When the context requires, singular nouns and pronouns include the plural.

_Christine E. Holowiak Urquhart_

CHRISTINE E. HOLOWIAK URQUHART

_Thomas Urquhart III_

THOMAS URQUHART, III

(Acknowledgement)

THE STATE OF TEXAS
COUNTY OF TARRANT }

This instrument was acknowledged before me on the 29th day of
_____April_____, 19 99 , by CHRISTINE E. HOLOWIAK URQUHART AND HUSBAND,
THOMAS URQUHART, III.



L. WALKER
Notary Public
STATE OF TEXAS
My Comm. Exp. 10/07/99

Notary Public, State of Texas
Notary's Name (printed):
Notary's commission expires:

**PREPARED IN THE LAW OFFICE OF:**
BEADLES, NEWMAN & LAWLER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3500 HULEN STREET
FORT WORTH, TEXAS  76107

**AFTER RECORDING RETURN TO:**
ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION
5001 DEXTER AVENUE
FORT WORTH, TARRANT COUNTY, TEXAS  76107

D199111412
ALL SAINTS EPISCOPAL CHURCH
5001 DEXTER AVE
FT WORTH TX  76107


-W A R N I N G-THIS IS PART OF THE OFFICIAL RECORD--D O  N O T  D E S T R O Y


I N D E X E D -- T A R R A N T  C O U N T Y  T E X A S
S U Z A N N E  H E N D E R S O N -- COUNTY CLERK
O F F I C I A L  R E C E I P T

          T O:  ALAMO TITLE CO

RECEIPT NO          REGISTER   RECD-BY    PRINTED DATE  TIME
199241484           DR2A       SW         05/03/1999    15:19


          INSTRUMENT FEECD              INDEXED   TIME
     1    D199111412   WD               19990503  15:19   CG


     T O T A L :  DOCUMENTS: 01     F E E S:      11.00


B Y: _____

ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

# EXHIBIT "3"

ALAMO TITLE COMPANY
GF ~101 6052-JJ

AFTER RECORDING RETURN TO:

ALL SAINTS' EPISCOPAL CHURCH
ATTN: STEPHANIE S. BURK, SENIOR WARDEN
5001 CRESTLINE ROAD
FORT WORTH TX 76107-3699

# WARRANTY DEED WITH VENDOR'S LIEN

**Date:** September 12, 2003

**Grantor:** CATHY FREDERICK MANDELL, A MARRIED PERSON, AS MY SOLE AND SEPARATE PROPERTY, JOINED HEREIN PRO FORMA BY MY HUSBAND, JOHN H. MANDELL, FOR THE PURPOSE OF CONVEYING ANY INTEREST HE MAY HAVE

**Grantor's Mailing Address:**

P.O. Box 202497

Austin, Tx 78720-2497

**Grantee:** ALL SAINTS' EPISCOPAL CHURCH

**Grantee's Mailing Address:**

5001 Crestline Road
Fort Worth, Texas 76107-3699

**Consideration:**

Cash and a note of even date executed by Grantee and payable to the order of RIDGLEA BANK, a branch of Woodhaven National Bank in the principal amount of TWO HUNDRED TWENTY-ONE THOUSAND AND NO/100 DOLLARS ($221,000.00). The note is secured by a first and superior vendor's lien and superior title retained in this deed in favor of Woodhaven National Bank and by a first-lien deed of trust of even date from Grantee to Ron J. Casey, Trustee.

**Property (including any improvements):**

The South 122 feet of Lots 21, 22 and 23 and the South 122 feet of the West 15 feet of Lot 24, all in Block 15, of CHAMBERLIN ARLINGTON HEIGHTS, FIRST FILING, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Volume 63, Page 21, Deed Records of Tarrant County, Texas.

WARRANTY DEED WITH VENDOR'S LIEN                                    PAGE 1

**Reservations from Conveyance:**    None.

**Exceptions to Conveyance and Warranty:**

Any and all easements, rights-of-way, mineral reservations, and restrictive covenants still in effect with regard to the property that are filed for record in the office of the County Clerk of Tarrant County, Texas; and ad valorem taxes against the property for the current year, the payment of which Grantee assumes.

Grantor, for the Consideration, receipt of which is acknowledged, and subject to the Reservations from Conveyance and Exceptions to Conveyance and Warranty, grants, sells and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

_Cathy Frederick Mandell_
CATHY FREDERICK MANDELL

_John H. Mandell_
JOHN H. MANDELL

*ACKNOWLEDGMENT*

STATE OF TEXAS            §
                         §
COUNTY OF TARRANT         §

This instrument was acknowledged before me on _September 12_, 2003 by CATHY FREDERICK MANDELL. and husband, John H. Mandell

_____
Notary Public, State of Texas

F:\STOR\WNB\LOANS\L3410474.wd1

WARRANTY DEED WITH VENDOR'S LIEN

JOSEPHINE JORDAN
Notary Public
STATE OF TEXAS
My Comm. Exp. 10/02/05

PAGE 2

D203352475
ALL SAINTS ESPICOPAL CHURCH
5001 CRESTLINE RD
FT WORTH TX  76107 3699

-W A R N I N G-THIS IS PART OF THE OFFICIAL RECORD--D O  N O T  D E S T R O Y

I N D E X E D -- T A R R A N T  C O U N T Y  T E X A S
S U Z A N N E  H E N D E R S O N -- COUNTY CLERK
O F F I C I A L  R E C E I P T

T O:  ALAMO TITLE CO

RECEIPT NO          REGISTER    RECD-BY    PRINTED DATE    TIME
203544809           DR8F        TB         09/22/2003      09:40

     INSTRUMENT FEECD              INDEXED     TIME    RECVD
1    D203352475  WD               20030922    09:40   CG

T O T A L :  DOCUMENTS: 01      F E E S:      11.00

B Y: _____

ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

# EXHIBIT "4"

# WARRANTY DEED WITH
## VENDOR'S LIEN

**Date:** August 20, 1997

**Grantor:** ELSIE LARD, A SINGLE PERSON

**Grantor's Mailing Address** (including county): P.O. BOX "L", LEAKEY, TEXAS 78873

**Grantee:** ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION

**Grantee's Mailing Address (including county):** 5001 CRESTLINE ROAD, FORT WORTH, TARRANT COUNTY, TEXAS 76107

**Consideration:** TEN AND NO/100-------($10.00)-------DOLLARS and a Note of even date that is in the principal amount of $118,000.00, and is executed by Grantee, payable to the order of ELSIE LARD, Grantor herein. The Note is secured by a Vendor's Lien retained in favor of Grantor in this Deed and by a Deed of Trust of even date from Grantee to DUDLEY BEADLES, TRUSTEE.

**Property (including any improvements):**

THE WEST 90 FEET OF LOT A, BLOCK 25, CHAMBERLIN ARLINGTON HEIGHTS, FIRST FILING, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 1348, PAGE 305, DEED RECORDS, TARRANT COUNTY, TEXAS.

**Reservations from and Exceptions to Conveyance and Warranty:**

Restrictions recorded in Volume 1358, Page 606, Deed Records, Tarrant County, Texas.

This Deed is executed, delivered and accepted subject to all and singular any liens securing the payment of any debt created or assumed in connection herewith if such liens are described herein, ad valorem taxes for the current and all subsequent years, subsequent assessments for prior years due to changes in land usage or ownership, zoning ordinances, utility district assessments and standby fees, if any, applicable to and enforceable against the above described property, and all valid utility easements created by the dedication deed or plat of the subdivision in which said real property is located, covenants, restrictions common to the platted subdivision in which said real property is located, mineral reservations, maintenance fund liens, and any title or rights asserted by anyone, including, but not limited to, persons, corporations, governments or other entities to tidelands, or land comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or to any land extending from the line of the harbor or bulkhead lines as established or changed by any government or to filled-in lands, or artificial islands, or to riparian rights or other statutory water rights, or the rights or interests of the State of Texas or the public generally in the area extending from the line of mean low tide to the line of vegetation or the right of access thereto, or right of easement along and across the same, if any, applicable to and enforceable against the above described property as shown by the records of the County Clerk of the County in which said real property is located.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

_____
ELSIE LARD

### (Acknowledgement)

THE STATE OF TEXAS }
COUNTY OF TARRANT

    This instrument was acknowledged before me on the 20th day of _August_, 1997, by ELSIE LARD.



_____
Notary Public, State of Texas
Notary's Name (printed):
Notary's commission expires:

PREPARED IN THE LAW OFFICE OF:
BEADLES, NEWMAN & LAWLER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3500 HULEN STREET
FORT WORTH, TEXAS  76107

AFTER RECORDING RETURN TO:
ALL SAINTS EPISCOPAL CHURCH, A TEXAS NON-PROFIT CORPORATION
5001 CRESTLINE ROAD
FORT WORTH, TEXAS  76107

D197153367
ALL SAINTS EPISCOPAL CHURCH
5001 CRESTLINE RD
FT WORTH TX  76107

-W A R N I N G-THIS IS PART OF THE OFFICIAL RECORD--D O  N O T  D E S T R O Y

I N D E X E D -- T A R R A N T  C O U N T Y  T E X A S
S U Z A N N E  H E N D E R S O N -- COUNTY CLERK
O F F I C I A L  R E C E I P T

T O:  ALAMO TITLE CO

| RECEIPT NO | REGISTER | RECD-BY | PRINTED DATE | TIME |
|---|---|---|---|---|
| 197283765 | DR96 | T000224 | 08/21/97 | 16:15 |

| | INSTRUMENT | FEECD | | INDEXED | TIME | |
|---|---|---|---|---|---|---|
| 1 | D197153367 | WD | | 970821 | 16:15 | CG |

T O T A L :  DOCUMENTS: 01      F E E S:      11.00

B Y: _____

ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.